IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Vicky T. Bennett, ) | C/A No. 4:10-cv-01417-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| CSX Transportation, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Pending before the Court is Defendant CSX Transportation, Inc.'s ("CSX") Motion to Transfer Venue to the United States District Court for the Eastern District of North Carolina [Docket # 13] pursuant to 28 U.S.C. § 1404. This matter is before the Court upon Plaintiff Vicky T. Bennett's ("Plaintiff") objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Shiva V. Hodges.[1] In the R&R, the Magistrate Judge recommends that the Court grant CSX's motion to transfer venue.

---

[1] In accordance with Local Civil Rule 73.02 (D.S.C.), this employment case was referred to Magistrate Judge Hodges for pretrial handling. The instant motion to transfer venue was individually referred to the Magistrate Judge for disposition. While a motion to transfer venue does not explicitly fall within any of the dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A) and there is a split of opinion in this district as to whether a Magistrate Judge has the authority to order a transfer of venue, Magistrate Judge Hodges has prepared a R&R, which is subject to *de novo* review pursuant to 28 U.S.C. § 636(b)(1), rather than a final order on the motion. *See, e.g., Massi v. Lomonaco,* No. 10-0265, 2010 WL 2429234 (D.S.C. June 11, 2010); *Hayes v. Paschall Truck Lines, Inc.,* No. 09-1869, 2010 WL 2757227 (D.S.C. June 10, 2010).

## Procedural History and Factual Background

This case was initiated on June 2, 2010, when the Plaintiff filed a Complaint alleging discrimination based on her sex and race pursuant the Federal Employer's Liability Act, Title VII of the Civil Rights Act of 1964, and various state causes of action. On August 4, 2010, CSX filed the instant Motion to Transfer Venue to the United States District Court for the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404. On August 23, 2010, the Plaintiff filed a memorandum in opposition to CSX's motion to transfer venue. CSX filed a Reply to Plaintiff's Response on August 30, 2010, along with supporting supplemental affidavits. The Magistrate Judge issued her R&R recommending that the Court grant CSX's motion to transfer venue on September 30, 2010, and the Plaintiff filed objections on October 18, 2010. Subsequently, CSX filed a Reply to Plaintiff's Objections to Report and Recommendation. The facts and allegations in this case are clearly summarized in the Magistrate Judge's R&R and do not need to be restated here. This matter is ripe for review.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific

2

error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## **Discussion of Plaintiff's Objections**

The Plaintiff objects to the Magistrate Judge's R&R on five grounds. First, the Plaintiff objects to "Judge Hodges' finding that 'arguably none' of the conduct occurred in South Carolina and subsequent finding that the Plaintiff's choice of forum is accorded diminished weight." *Objections,* p. 2. Section 1404(a) establishes three general criteria upon which a motion to transfer is to be determined: (1) the convenience of the parties; (2) the convenience of witnesses; and (3) the interest of justice. *See* 28 U.S.C. § 1404(a). The Plaintiff is correct to the extent she asserts that the "plaintiff's choice of forum should rarely be disturbed" unless "the balance [of relative convenience] is strongly in favor of the movant." *Figgie Int'l, Inc. v. Destileria Serralles, Inc.,* 925 F. Supp. 411, 413-14 (D.S.C. 1996) (citation omitted). However, a plaintiff does not have an absolute right to choice of forum. *DeLay & Daniels, Inc. v. Allen M. Campbell Co.,* 71 F.R.D. 368, 371 (D.S.C. 1976). In fact, "[t]he significance of the factor of plaintiff's choice has been considerably diminished under Section 1404(a) . . . and is now accorded but slight significance." *Id.* (internal quotations and citations omitted). In the instant matter, the Plaintiff claims that she was threatened by Trainmaster James Gilbert over a telephone call he made from Rocky Mount, North Carolina; she was berated and threatened by Trainmaster Ed Howze after he demanded that she get into his truck in Fayetteville, North Carolina; and her vehicle was vandalized while parked in the CSX employee parking lot in Rocky Mount, North Carolina. *See Complaint,* ¶¶ 16-28. Where, as here, a plaintiff does not reside within the District of South Carolina, and in fact resides

3

in North Carolina, and "sues in a forum which has no distinguishable connection with the controversy, [the weight of the plaintiff's choice of forum] is further diminished." *Id.*; *see Akers v. Norfolk & W. Ry. Co.,* 378 F.2d 78 (4th Cir. 1967) (holding that denial of transfer to Huntington constituted abuse of discretion where employee was injured near Huntington, and employee and all who witnessed the event lived near Huntington, despite the fact that the Court "recognize[d] the primary right of the plaintiff to choose his forum"). Thus, the Magistrate Judge was correct in her finding that this factor favors the Plaintiff's position, but its significance is diminished.

The Plaintiff's second objection states: "Judge Hodges' recommendations did not address the issue that the Defendant's witnesses will not be inconvenienced or whether defendant met its burden of proof." *Objections,* p. 4. "To prevail on a motion to change venue pursuant to § 1404, the 'defendant must show by a preponderance of the evidence' that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *Figgie,* 925 F. Supp. at 413 (citations omitted). The Defendant has met its burden in this case. The Plaintiff is a resident of Northampton County, North Carolina, and she has identified four additional witness, all of whom reside in North Carolina except for Chadwick T. Davis, who is a South Carolina resident and former CSX employee. CSX has identified numerous witnesses, the majority of whom live in North Carolina, including the businesses that towed and made repairs to the Plaintiff's vehicle; the law enforcement offices that investigated the vandalism incident; and CSX employees who are alleged to have participated in or observed the alleged discriminatory and negligent acts. CSX will likely be a substantial source of testimonial and documentary evidence, and it has indicated that the Eastern District of North Carolina will be a more convenient district in which to provide access to these sources of proof. More specifically, Wallace O'Neal, a Special Agent with the CSX Transportation, Inc. Police

4

Department, and Heyward W. Watford, Jr., a Manager Field Investigator with CSX, have submitted affidavits stating that they would be inconvenienced by traveling to Florence, S.C. for a trial because of the distance from their place of employment and respective residences. *See Docket* #'s 13-1, 13-2, 21-1, & 21-2. As the events alleged in the Plaintiff's Complaint took place in North Carolina; the majority of witnesses currently reside in North Carolina; the Plaintiff resides in North Carolina; the Plaintiff's treating physicians are located in North Carolina; and the law enforcement agencies that investigated the Plaintiff's claims are in North Carolina, the Court finds that CSX has met its burden and the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice. *See S. Ry. Co. v. Madden,* 235 F.2d 198 (4th Cir. 1956) (stating "we cannot imagine a case more clearly calling for the exercise of the power of transfer conferred by the statute" where "it appeared not only that the plaintiff's injury occurred in Charlotte, North Carolina, and that the question of liability was governed by North Carolina law, but also that all of the witnesses to the occurrence and to the treatment of the plaintiff in a Charlotte hospital following his injury lived in Charlotte, except one . . . [and] it appeared that the plaintiff was not a resident of Columbia, S.C., where the case was brought, or even in that judicial district").

The Plaintiff's third objection states "Judge Hodges did not indicate any specific instances where the District of South Carolina Court would be unable to compel attendance of witnesses." *Objections,* p. 4. Specifically, the Plaintiff states "the United States District Court for the District of South Carolina has subpoena power under FRCP 45(b)(2)(B) to serve a subpoena 'outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection'" and that "[t]here are several offices available for depositions that are within 100 miles of where the witnesses transact business in person." *Id.* at 5. However, pursuant to Rule 45(a)(2)(B), a subpoena for a deposition must

5

still be issued from a district court in the district in which the deposition will take place. *See* Fed. R. Civ. P. 45(a)(2)(B). Thus, for most of the witnesses in this matter, including many CSX employees; the businesses that towed and repaired the Plaintiff's vehicle; and the law enforcement offices involved in the subsequent investigations, any subpoena for attendance at a deposition must be issued from the court for the district where the deposition is to be taken (the United States District Court for the Eastern District of North Carolina). Additionally, any witnesses that do not reside, work, or regularly transact business in South Carolina, or within 100 miles of the Court, could pose attendance problems at trial,[2] and a "defendant's case would be prejudiced if it were not able to present live testimony" of key witnesses. *DeLay & Daniels,* 71 F.R.D. at 373. Finally, it would be much more convenient even for the witnesses who voluntarily agree to testify if they could testify in North Carolina, where they reside.

The Plaintiff's fourth objection states that "[t]he interest in having localized controversies settled at home is not an appropriate factor for consideration in a case where Plaintiff's choice of forum is not based on diversity." *Objections,* p. 5. While this is not a diversity case, the Plaintiff has asserted state causes of action for intentional infliction of emotional distress; negligent infliction of emotional distress; negligent hiring, supervision, and retention; false imprisonment; and simple assault. The underlying facts giving rise to these claims did not take place in South Carolina. For example, the Plaintiff claims that she was threatened by Trainmaster James Gilbert over a telephone call he made from Rocky Mount, North Carolina; she was berated and threatened by Trainmaster Ed Howze after he demanded that she get into his truck in Fayetteville, North Carolina; and her vehicle was vandalized while parked in the CSX employee parking lot in Rocky Mount, North Carolina. As such, at a minimum, the interests of

---

[2] *See* Fed. R. Civ. P. 45(c)(3)(A)(ii).

justice and convenience would weigh in favor of transferring this action to a venue that is at home with the state law that must govern the Plaintiff's state causes of action.

The Plaintiff's last objection is that "[t]here is seemingly no consideration given to Plaintiff's argument that a fair and impartial trial cannot be had in the Eastern District of North Carolina." *Objections,* p. 6. Specifically, the Plaintiff states that "[t]he interests of justice trump the convenience of the parties in a decision regarding venue." *Id.* at 7. However, the interests of justice are often intertwined with the convenience of the parties and witnesses. *See, e.g., Milliken & Co. v. FTC,* 565 F. Supp. 511, 517 (D.S.C. 1983) ("In the interest of justice the nearer the Court is to the records is a factor."). In fact, the interests of justice in this case are more adequately served by a trial of the case in a district court that is located within North Carolina, where the Plaintiff, her treating physicians, and a majority of the witnesses reside, and where the majority, if not all, of the alleged actions giving rise to the Plaintiff's state causes of action took place. *See, e.g., DeLay & Daniels,* 71 F.R.D. at 373. Lastly, the Plaintiff has not alleged in her Complaint or otherwise that the alleged "racially charged and hostile environment" in North Carolina has any relation to CSX or the courts. There is nothing before the Court to suggest that the Plaintiff would not receive a fair trial from a fair and impartial jury in the United States District Court for the Eastern District of North Carolina.

The Fourth Circuit has consistently held that a transfer of venue pursuant to § 1404 is appropriate when a majority of the witnesses and the scene of the incident are located in another venue, and when a majority of the people involved in the case would be better served by changing the venue. *See, e.g., Madden,* 235 F.2d at 200-01 (finding abuse of discretion in trial court denying transfer when the only parties who would be inconvenienced by having the trial in South Carolina where it was brought were the plaintiff's attorneys, a photographer who took pictures of the accident scene, and a surgeon who

treated the plaintiff post-injury; in contrast, the site of the plaintiff's injury, the location of all witnesses, and the plaintiff's initial treating physicians were in North Carolina); *Akers,* 378 F.2d at 70 (change of venue from Virginia to West Virginia was appropriate where plaintiff resided in West Virginia, injury occurred in West Virginia, treatment given was in West Virginia, and the witnesses involved in the case lived in West Virginia; in contrast, defendant having its general office in Roanoke, Virginia was not a compelling enough reason to deny defendant's request to transfer venue). In the instant matter, CSX has met its burden and established by a preponderance of the evidence "that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *Figgie,* 925 F. Supp. at 413.

## Conclusion

For the foregoing reasons, this Court **GRANTS** the Defendant's Motion to Transfer Venue to the United States District Court for the Eastern District of North Carolina [Docket # 13].

**IT IS SO ORDERED.**

                                          s/ R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

November 8, 2010
Florence, South Carolina