UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-00493-BO

| | | |
|---|---|---|
| VICKY T. BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Motion to Compel [DE-55]. The motion is currently ripe for review, and, accordingly, Judge Boyle has referred it to the undersigned magistrate judge for disposition.

**STATEMENT OF THE CASE**

Plaintiff Vicky T. Bennett ("Plaintiff") filed the Complaint [DE-1] in this action in the District of South Carolina on June 2, 2010, alleging the commission of discriminatory and negligent acts under the Federal Employers' Liability Act ("FELA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and state common law. Defendant CSX Transportation, Inc. ("Defendant" or "CSX") filed a Motion to Transfer Case [DE-13] on August 4, 2010, which was granted by Order [DE-32] of Judge Harwell, United States District Judge for the District of South Carolina, on November 8, 2010. Accordingly, the case was transferred [DE-34] to this Court on November 9, 2010. Both parties have since filed a variety of discovery motions. On August 4, 2011, Judge Boyle entered an Order [DE-108] holding motions practice in abeyance pending resolution of the motions currently before the Court, and on August 11, 2010, the instant

motion to compel was referred to the undersigned for disposition, along with nineteen other discovery motions.[1]

## DISCUSSION

On January 20, 2011, Plaintiff filed the instant Motion to Compel [DE-55]. In it, Plaintiff requested that the Court order Defendant to fully respond to Plaintiff's First and Second Sets of Interrogatories and Requests for Production. Defendant filed a Response [DE-56] on February 3, 2011. Thereafter, Plaintiff filed a Memorandum in Support [DE-57] of the motion to compel, to which Defendant also responded [DE-59].[2]

Plaintiff served her First Set of Interrogatories and Requests for Production by mail on September 29, 2010. Defendant responded on November 1, 2010 and supplemented its responses on December 30, 2010. Plaintiff served her Second Set of Interrogatories and Requests for Production by mail on December 20, 2010, and Defendant responded on January 19, 2011.[3] Mem. in Supp. at 1-2 [DE-57]; Def.'s Resp. to Pl.'s Mot. to Compel at 1 [DE-56].

In particular, Plaintiff has requested that the Court order Defendant to fully respond to the following: (1) Plaintiff's First Set of Interrogatories Nos. 9, 12, and 18; (2) Plaintiff's First Set of

---

[1] The following nineteen additional motions have also been referred to the undersigned for disposition and will be addressed by separate order(s): (1) Defendant's Motion to Compel [DE-60]; (2) Plaintiff's Motion to Quash *Subpoena Duces Tecum* for Records [DE-62]; (3) Plaintiff's Motion to Compel [DE-64]; (4) Plaintiff's Motion to Quash *Subpoena Duces Tecum* for Records [DE-66]; (5) Plaintiff's Motion to Quash *Subpoena Duces Tecum* for Records [DE-67]; (6) Plaintiff's Motion to Quash *Subpoena Duces Tecum* for Records [DE-68]; (7) Defendant's Motion to Compel an Independent Mental Examination of Plaintiff [DE-76]; (8) Defendant's Motion to Compel [DE-79]; (9) Defendant's Motion to Take Deposition from Reco Larue Johnson [DE-81]; (10) Defendant's Motion for Permission to Conduct a Site Inspection of Plaintiff's Property [DE-87]; (11) Plaintiff's Motion to Quash *Subpoena Duces Tecum* [DE-89]; (12) Plaintiff's Motion to Quash *Subpoena Duces Tecum* [DE-90]; (13) Defendant's Motion to Strike [DE-93]; (14) Defendant's Motion for Extension of Time [DE-95]; (15) Defendant's Motion to Compel [DE-98]; (16) Plaintiff's Motion to Compel [DE-100]; (17) Plaintiff's Motion to Compel [DE-101]; (18) Defendant's Motion to Compel [DE-105]; and (19) Plaintiff's Motion to Compel [DE-107].

[2] Defendant's response to Plaintiff's motion to compel included an argument that Plaintiff had failed to comply with Local Civil Rule 7.1(d) by filing an accompanying supporting memorandum in the matter prescribed by Local Civil Rule 7.2(a). Plaintiff subsequently filed a memorandum in support, and Defendant did not object further in its response to that memorandum. Therefore, the Court considers the issue resolved and has read Defendant's two responses together in assessing the arguments presented.

[3] Plaintiff alleges that Defendant's responses to the Second Set of Interrogatories and Requests for Production were not received until January 24, 2011. However, as discussed more fully in Section 3, n.5, *infra*, the Court considers this potential issue to have been resolved.
2

Requests for Production Nos. 1, 12, 17, 18, and 21; (3) Plaintiff's Second Set of Interrogatories Nos. 1, 2, 3, and 4; and (4) Plaintiff's Second Set of Requests for Production Nos. 1, 2, and 3. Mot. to Compel at 1-2 [DE-55].

In response, Defendant argues generally that Plaintiff has failed to comply with Local Civil Rule 7.1(b) governing motions practice by failing to state precisely the relief requested. In addition, Defendant argues that it has responded fully to Plaintiff's interrogatories, produced all non-privileged documents in response to her requests for production, and that Plaintiff has not given sufficient grounds for her challenges to Defendant's objections on grounds of attorney-client privilege and work product doctrine. Def.'s Resp. to Pl.'s Mem. in Supp. at 2 [DE-59].

The parties have also articulated their positions as to each individual disputed interrogatory and request for production. Accordingly, the Court will address each of these issues in turn.

1. **Plaintiff's First Set of Interrogatories Nos. 9, 12, and 18**

    Plaintiff's First Set of Interrogatories Nos. 9, 12, and 18 stated, respectively:

    9) Describe any document you have prepared as a result of the incidents alleged in the Complaint including any form or correspondence prepared to any insurance carrier; and a description of any document of any kind.

    12) With respect to this incident, list by document title, description or form number all forms filled out and/or reports made by any agent(s), or employee(s) of CSX.

    18) If Defendant conducted an investigation of the incidents alleged in Plaintiff's Complaint, please state the date and time of the investigation; identify the nature and results of the investigation; and identify the person(s) conducting such investigation.

Mot. to Compel Ex. B at 2 [DE-55-2]. Defendant objected to Interrogatory No. 9 and Interrogatory No. 12 on the grounds that they were overbroad and sought information protected by both the attorney-client privilege and the work product doctrine. However, Defendant did

3

produce EEO investigation materials and CSX police investigation materials in response to these two interrogatories. Defendant also answered Interrogatory No. 18 in part, but objected to responding as to an investigation conducted by Heyward Watford ("Watford"), an employee in the CSX Risk Management Department, on the grounds that such information was protected by the work product doctrine. *Id.*

Regarding Interrogatory No. 9 and Interrogatory No. 12, Plaintiff argues that the work product doctrine and attorney-client privilege do not apply because the materials in question are business records generated in the normal course of CSX's business and that Defendant has not provided sufficient information in support of its position that the documents were created for purposes of litigation. Mem. in Supp. at 2-3. Regarding Interrogatory No. 18, Plaintiff once again argues that Defendant has not provided sufficient information in support of its position that the documents were created for purposes of litigation. In addition, Plaintiff argues that, even if the Court should find that the CSX Risk Management Department investigation is protected, "society's general interest in revealing all true and material facts to the resolution of this dispute is outweighed by the promotion of an attorney's preparation in representing his client." *Id.* at 3.

In response, Defendant contends that it is a "self-insured entity with an internal claims department," that "communications between the CSX Law Department and other departments, specifically Human Resources, Claims and Transportation[,]" are protected by the attorney-client privilege and that the claims narrative generated by Heyward Watford, a claims representative, was created "for the purpose of assessing potential legal liability and for future use by legal counsel in the defense of a cause of action arising from the alleged incidents." Def.'s Resp. to Pl.'s Mem. in Supp. at 3-4. Defendant has also provided an affidavit, signed by Watford, indicating the same. *See* Def.'s Resp. to Pl.'s Mem. in Supp Ex. A [DE-59-1]. In addition,

4

Defendant points out that it *has* produced all "photographs, witness statements, police reports, and other documents which make up the remainder of the claims file," and that, therefore, Plaintiff cannot make a showing of substantial need. Def.'s Resp. to Pl.'s Mem. in Supp. at 3-4.

The Court has considered the parties' arguments as to these three interrogatories, and hereby finds as follows:

Regarding Interrogatory No. 9, Defendant has indicated that it is a self-insured entity with an internal claims department. In light of this fact, the Court considers it likely that no documents were prepared for any "insurance carriers," as contemplated by Interrogatory No. 9, and that instead, the claims narrative that is the subject of Interrogatory No. 18 was prepared by CSX's internal claims department. To the extent that any documents were in fact prepared for "insurance carriers," as contemplated by Interrogatory No. 9, Defendant is of course obligated to immediately supplement its response to indicate as much and/or assert any relevant objections. However, absent the existence of such documents, the Court is satisfied that Interrogatory No. 9 does not request any information not also requested by Interrogatory No. 18, as discussed below. Therefore, Plaintiff's motion to compel as to Interrogatory No. 9 is denied.

Regarding Interrogatory No. 12, Plaintiff's main contention is that Defendant had not provided sufficient information for Plaintiff to assess whether the documents in question were protected by the attorney-client privilege. In response, Defendant has indicated that it has withheld only those documents which constituted communications between the CSX Law Department and other departments. In the absence of a more specific request for relief by Plaintiff, the Court finds that such documents would clearly be protected by the attorney-client privilege. Therefore, Plaintiff's motion to compel as to Interrogatory No. 12 is denied.

5

Regarding Interrogatory No. 18, Defendant has provided Plaintiff with responsive photographs, witness statements, police reports, and other documents included in the claims file, withholding only the claims narrative prepared by Watford. It does not appear that CSX's legal counsel requested this claims narrative to be prepared. However, Defendant is correct that "documents generated before the generating party has consulted an attorney and before litigation has commenced, but after a cause of action has arisen may be accorded [work product doctrine] protection . . . [if] prepared in 'anticipation of litigation.' Necessarily, much depends upon the specific facts of the case." *Ennis by and through McMillan v. Anderson Trucking Serv., Inc.*, 141 F.R.D. 258, 260 (E.D.N.C. 1991). As to the claims narrative prepared by Watford, Defendant has provided an affidavit indicating that it was prepared in anticipation of litigation. *See* Def.'s Resp. to Pl.'s Mem. in Supp. Ex. A at 3 ("I understood at the time of my investigation involving the plaintiff that legal action against CSX would be possible. My investigation was conducted with a view toward determining the true facts and in anticipation of the litigation that was likely to, and in fact did, arise."). While Plaintiff may be correct that risk management department documents can generally be created in the ordinary course of business, the Court finds that Defendant has made a sufficient showing that the one in question here was prepared in anticipation of litigation. Therefore, Plaintiff's motion to compel as to Interrogatory No. 18 is denied.

Accordingly, in sum, Plaintiff's motion to compel as to Plaintiff's First Set of Interrogatories Nos. 9, 12, and 18 is **DENIED**.

**2. Plaintiff's First Set of Requests for Production Nos. 1, 12, 17, 18, and 21**

Plaintiff's First Set of Requests for Production Nos. 1, 12, 17, 18, and 21 stated, respectively:

> 1) Any and all DOCUMENTS that RELATE OR PERTAIN TO PLAINTIFF.
>
> 12) Any and all DOCUMENTS that RELATE OR PERTAIN TO any written statements or declarations (signed or unsigned), made by person, with [sic] mention, discuss or refer otherwise to PLAINTIFF.
>
> 17) Any and all DOCUMENTS that RELATE OR PERTAIN TO PLAINTIFF'S incident in Fayetteville, NC with Trainmaster Ed Howze including, without limitation, internal notes or memoranda.
>
> 18) Any and all DOCUMENTS that RELATE OR PERTAIN TO any conversations or communications by, among, or between any past or present employees, officers, agents of DEFENDANT regarding PLAINTIFF'S incident in Fayetteville, NC with Trainmaster Ed Howze.
>
> 21) Any and all DOCUMENTS that RELATE OR PERTAIN TO any allegations made by PLAINTIFF that she was being or had been harassed, discriminated against, retaliated against and/or otherwise unfairly treated at any time during her employment with DEFENDANT.

Mot. to Compel Ex. A at 1-3 [DE-55-1]. Defendant objected to Request for Production No. 1 on the grounds that it was overbroad and unduly burdensome. Nonetheless, Defendant did produce a variety of responsive documents, including Plaintiff's personnel file, payroll history and inquiries, employee history, medical notes, and vehicle repair estimates. *Id.* at 1. Defendant objected to Request for Production No. 12 on the grounds that it was vague, overbroad, and sought disclosure of mental impressions, conclusions, opinions, and legal theories subject to the attorney-client privilege. *Id.* at 1-2. Defendant objected to Requests for Production Nos. 17, 18, and 21 on the grounds they were vague, overbroad, unduly burdensome, sought work product prepared in anticipation of litigation, and sought disclosure of mental impressions, conclusions, opinions, and legal theories subject to the attorney-client privilege. However, in response to Requests for Production Nos. 12, 17, 18, and 21, Defendant did produce EEO investigation materials, CSX police investigation materials, and Plaintiff's statements. *Id.* at 2-3.

7

Regarding Requests for Production Nos. 1, 12, 17, 18, and 21,[4] Plaintiff argues that the "work product of the Claims File, correspondence between CSX's Human Resources Department and CSX's Claims Department, and documents involving the incident in Fayetteville, NC with Trainmaster Edward Howze" are not protected by the work product doctrine or attorney-client privilege because they are "relevant and generated in the ordinary course of business for other non-litigation purposes." Mem. in Supp. at 4. In addition, Plaintiff argues that Defendant has failed to provide sufficient information to allow Plaintiff to assess the claim. *Id.*

In response, Defendant contends that its responses have been sufficient and that Plaintiff has failed to specify any deficiency. To that end, Defendant points out that it has produced at least nineteen types of documents in response to Request for Production No. 1, two types in response to Request for Production No. 12, and at least twelve types in response to Requests for Production Nos. 17, 18, and 21. Def.'s Resp. to Pl.'s Mot. to Compel at 3-5. Defendant also indicates that it has outlined in its privilege log those documents withheld, which are "the claims narrative which is work product, and communications between the CSX Law Department and other CSX departments, specifically Human Resources, Claims and Transportation, which are clearly subject to the attorney-client privilege." *Id.* at 6.

The Court has considered the parties' arguments as to these five requests for production, and hereby finds as follows:

Regarding Requests for Production Nos. 1 and 12, Plaintiff seeks a broad category of documents that relate or pertain to her in any way. In response to these requests for production, Defendant has produced numerous responsive documents, including field notes, email

---

[4] Plaintiff only references Requests for Production Nos. 1, 12, 18, and 21 in her memorandum in support; however, given the similarity between Request for Production No. 17 and Request for Production No. 18, the Court will assume that Plaintiff intended to make her arguments in this section as to all five requests for production at issue.

8

communications between certain CSX departments, Plaintiff's statement, Plaintiff's personal injury report, witnesses' statements, a CSX bulletin, EEO investigation materials, and a CSX police report. *See* Def.'s Resp. to Pl.'s Mem. in Supp. at 6. The only deficiencies that Plaintiff has complained of are the withholding of the claims narrative and communications relating to Requests for Production Nos. 17, 18, and 21, as discussed below. As a result, the Court believes that Defendant's response to Requests for Production Nos. 1 and 12 has been sufficient. Therefore, Plaintiff's motion to compel as to Requests for Production Nos. 1 and 12 is denied.

Regarding Requests for Production Nos. 17, 18, and 21, Plaintiff seeks documentation quite similar in subject matter to the information requested in her First Set of Interrogatories Nos. 9, 12, and 18, and her arguments as to why Defendant should produce the documents at issue in appear to be substantially the same as those that she made regarding those interrogatories. *See* Section 1, *supra*. As with the interrogatories, it appears to the Court that Defendant has withheld only the claims narrative prepared by Watford and documents that constituted communications between the CSX Law Department and other departments. For the reasons discussed in Section 1, *supra*, the Court finds that these documents are protected by the attorney-client privilege and/or the work product doctrine. Therefore, Plaintiff's motion to compel as to Requests for Production Nos. 17, 18, and 21 is denied.

Accordingly, in sum, Plaintiff's motion to compel as to Plaintiff's First Set of Requests for Production, Nos. 1, 12, 17, 18, and 21 is **DENIED**.

### 3. Plaintiff's Second Set of Interrogatories Nos. 1, 2, 3, and 4

Plaintiff's Second Set of Interrogatories Nos. 1, 2, 3, and 4 stated, respectively:

1)     Give the names of persons known to the parties or counsel to be the CSX Transportation Yard Masters from 2008 to the present.

9

2) Please list any and all contracts CSX Transportation, Inc. has with any entity of the United States government.

3) Please provide CSX Transportation, Inc.'s statistics on hiring minorities, gender and race.

4) Please provide the date of birth and social security number for Edward Howze and James Gilbert.

Mot. to Compel Ex. C at 1 [DE-55-3]. Defendant objected to Interrogatory No. 2 and Interrogatory No. 3 on the grounds that they were unreasonably broad, unduly burdensome, not relevant, and would not lead to the discovery of admissible evidence. In response to Interrogatory No. 4, Defendant provided the date of birth for Edward Howze ("Howze") and James Gilbert ("Gilbert"), but objected to providing their social security numbers on the grounds that this would intrude on their privacy. *See* Mem. in Supp. at 3-4; Def.'s Resp. to Pl.'s Mem. in Supp. at 4-5.[5]

Regarding Interrogatory No. 2 and Interrogatory No. 3, Plaintiff argues that she seeks information relevant to her claims of discrimination and hostile work environment, as well as to the extent of CSX's compliance with federal laws and regulations. Regarding Interrogatory No. 4, Plaintiff argues that Howze and Gilbert are material witnesses in this action and that, because

---

[5] In its response to Plaintiff's motion to compel, Defendant also pointed out that its responses to Plaintiff's Second Set of Interrogatories were due on January 22, 2011, that it served its responses by mail on January 19, 2011, and that Plaintiff had not yet seen them when she filed the instant motion to compel on January 20, 2011. Def.'s Resp. to Pl.'s Mot. to Compel at 5; *see also*, Mem. in Supp. at 2 (wherein Plaintiff claims that she did not receive Defendant's responses until January 24, 2011). As a result, Defendant initially argued that Plaintiff's motion to compel failed to take into account its responses and thus, should have been denied. Def.'s Resp. to Pl.'s Mot. to Compel at 5. The Court agrees that the filing date of this motion, January 20, 2011, though before Defendant's responses were received, was also several days before they were due. However, Plaintiff *does* appear to have taken Defendant's responses into account in her memorandum in support of the instant motion to compel, Mem. in Supp. at 3-4, and Defendant has responded to the same without again raising the objection, Def.'s Resp. to Pl.'s Mem. in Supp. at 4-5. Accordingly, the Court considers the matter resolved and has treated Plaintiff's arguments regarding Defendant's objections to the motion to compel, as raised in her memorandum in support, to be sufficient. In addition, the Court notes that neither party has provided a copy of Defendant's responses to Plaintiff's Second Set of Interrogatories to the Court, and that, as a result, the Court is not aware of the precise nature of Defendant's initial objections. However, it is sufficiently clear from Plaintiff's memorandum in support and Defendant's response what those objections were for the Court to issue a ruling, and therefore, the Court has attempted to list Defendant's objections herein.

10

Defendant has refused to provide their addresses or accept subpoenas on their behalf, she requires their social security numbers in order to locate them. Mem. in Supp. at 3-4.

In response, regarding Interrogatory No. 2, Defendant contends that Plaintiff has failed to show sufficient grounds for her "unreasonably broad, unduly burdensome, and irrelevant request" because CSX is a "Fortune 500, freight railroad company whose network encompasses 21,000 route miles of track in 23 states and the District of Columbia . . . [servicing] private companies, public utilities, state ports, and the United States military" which, for the year 2009 in North Carolina alone "maintained more than 2,250 public and private grade crossings, had over 1,000 employees, and handled nearly 867,000 carloads of freight." Def.'s Resp. to Pl.'s Mem. in Supp. at 5. Regarding Interrogatory No. 3, Defendant contends that Plaintiff has made no showing as to how her request for CSX hiring statistics without time or other restrictions is relevant and points out that she was, in fact, hired by CSX. Regarding Interrogatory No. 4, Defendant contends that it has provided Plaintiff with the date of birth for Howze and Gilbert and that Plaintiff has made no showing that this has been insufficient to locate them. In addition, Defendant informs the Court that it has agreed to make these witnesses available for deposition, without requiring a subpoena. *Id.*

The Court has considered the parties' arguments as to these four interrogatories, and hereby finds as follows:

Regarding Interrogatory No. 1, Plaintiff did not mention her request for information on the CSX Transportation Yard Masters anywhere in her memorandum in support, and as a result, the Court will assume that Defendant responded to this request to Plaintiff's satisfaction in the first instance. To the extent that this is not the case, Defendant is of course obligated to

11

immediately supplement its response to indicate as much and/or assert any relevant objections. Therefore, Plaintiff's motion to compel as to Interrogatory No. 1 is denied.

Regarding Interrogatory No. 2, Plaintiff has not articulated how any contracts that CSX may have with federal government entities would be relevant to the instant action beyond her vague assertions that the information is "relevant to [her] claims of discrimination and hostile work environment" and that she needs this information to assess "CSX's compliance with federal laws and regulations." Mem. in Supp. at 3. Without more, the Court is unable to see how the existence or non-existence of contractual relationships between CSX and any federal government entity has any bearing whatsoever on Plaintiff's claims under FELA, Title VII, or state common law. Furthermore, the Court finds the request to be substantially overbroad. Therefore, Plaintiff's motion to compel as to Interrogatory No. 2 is denied.

Regarding Interrogatory No. 3, once again Plaintiff has not articulated how CSX's minority hiring statistics would be relevant to the instant action beyond her vague assertions that the information is "relevant to [her] claims of discrimination and hostile work environment" and that she needs this information to assess "CSX's compliance with federal laws and regulations." Mem. in Supp. at 3. Defendant is correct to point out that Plaintiff was, in fact, hired by CSX, and thus clearly was not the subject of an adverse hiring decision based on her race or gender. Furthermore, the Court is of the mind that CSX's minority hiring statistics have no bearing on whether or not Plaintiff experienced discrimination or a hostile work environment while she was an employee of CSX. Therefore, Plaintiff's motion to compel as to Interrogatory No. 3 is denied.

Regarding Interrogatory No. 4, Plaintiff has requested that the Court order Defendant to provide her with the social security numbers of CSX employees Howze and Gilbert. In the

12

absence of a demonstration by Plaintiff that she has made all reasonable attempts to contact them without their social security numbers and not been successful, the Court declines to do so. The Court does not believe that Plaintiff is able to make such a showing, as Defendant has indicated that it is willing to make Howze and Gilbert available for deposition without the necessity of a subpoena. However, Plaintiff did also indicate that at one time Defendant may have refused to provide addresses for Edward Howze and James Gilbert. Therefore, out of an abundance of caution, the Court directs Defendant to provide Plaintiff with the last known addresses for Howze and Gilbert.[6] Therefore, Plaintiff's motion to compel as to Interrogatory No. 4 is denied. However, Defendant is directed to provide Plaintiff with the last known addresses for Howze and Gilbert, within fourteen (14) days from the date of this order.

Accordingly, in sum, Plaintiff's motion to compel as to Plaintiff's Second Set of Interrogatories Nos. 1, 2, 3, and 4 is **DENIED**. However, Defendant is **DIRECTED** to provide Plaintiff with the last known addresses for Howze and Gilbert, in response to Interrogatory No. 4, within fourteen (14) days from the date of this order.

### 4. Plaintiff's Second Set of Requests for Production Nos. 1, 2, and 3

Plaintiff's Second Set of Requests for Production Nos. 1, 2, and 3 stated, respectively:

1) Any and all documents from CSX's Employee Relations Department (Employee Assistance Program) that were generated as a result of Vicky Bennett's written complaint of the Fayetteville incident dated August 22, 2008, including but not limited to interviews, investigative notes and reports and written and recorded statements.

2) A copy of any and all employment and or personnel files for James Gilbert or Edward Howze.

---

[6] *See also e.g., McDougal-Wilson v. Goodyear Tire and Rubber Co.*, 232 F.R.D. 246 (E.D.N.C. 2005) (rejecting plaintiff's request for social security numbers because defendant's privacy concern was legitimate and last known addresses and phone numbers were sufficient); *Rees v. Souza's Milk Transp. Co.*, 2006 WL 3251829, at *1 (E.D. Cal. Nov. 8, 2006) (ordering defendant in FLSA action to disclose social security numbers for those parties whom mailing to a last known address was not successful).

> 3) Any and all video footage and or surveillance done from the train yard and or any trains parked in the yard or anywhere else in the vicinity of the incident that occurred on August 25, 2008 at 105 Sutton Road, Rocky Mount, North Carolina.

Mot. to Compel Ex. D at 1-2 [DE-55-4]. Defendant objected to Request for Production No. 1 on the grounds that it had already produced all responsive documents. Regarding Request for Production No. 2, Defendant objected to the production of personnel files because Plaintiff had not made an appropriate showing of need. Regarding Request for Production No. 3, Defendant offered to provide the video footage in question if Plaintiff obtained a license for the proprietary software required to view it. *See* Mem. in Supp. at 5; Def.'s Resp. to Pl.'s Mem. in Supp. at 6-8.[7]

Regarding Request for Production No. 1, Plaintiff argues that she seeks information regarding an August 22, 2008 written complaint that she made against Howze and Gilbert, as opposed to the EEO investigation. Regarding Request for Production No. 2, Plaintiff argues that it would not be burdensome for Defendant to obtain the personnel files and that the files for Howze and Gilbert may contain relevant information regarding her allegations. Regarding request for Production No. 3, Plaintiff argues that the video footage is not privileged and that the fact that it can only be viewed by proprietary software is not a reasonable reason for Defendant to withhold the footage. Mem. in Supp. at 5.

In response, regarding Request for Production No. 1, Defendant contends that it has already produced all responsive documents regarding the August 22, 2008 complaint, "including interview notes, emails, photographs, and reports," as part of the EEO Investigation Report. Def.'s Resp. to Pl.'s Mem. in Supp. at 6-7. Regarding Request for Production No. 2, Defendant contends that it is not required to produce employee personnel files because Plaintiff has failed to

---

[7] At the outset, Defendant made the same objection regarding Plaintiff's timing as it did with regard to Plaintiff's Second Set of Interrogatories, which the Court disregards for the same reasons discussed previously. *See* Section 3, n.5, *supra*. In addition, as before, the Court has attempted to list Defendant's objections herein. *Id.*

show sufficient need compel production. To that end, Defendant also contends that Plaintiff could acquire the requested information by other means, such as the depositions of Howze and Gilbert. *Id.* at 7. Regarding Request for Production No. 3, Defendant contends that it has shown the video footage in question to Plaintiff's counsel and offered to provide her with a copy, provided that she obtains a license for the required proprietary software, LocoCAM Viewer. Therefore, because Plaintiff had neither asked for additional viewings nor indicated that she intended to acquire the license, Defendant contends that the motion to compel is premature as to this request. *Id.* at 8.

The Court has considered the parties' arguments as to these three requests for production, and hereby finds as follows:

Regarding Request for Production No. 1, Plaintiff appears to believe that there was an additional investigation conducted in addition to the EEO investigation from which she has already received materials. To that end, she has indicated that, if no separate investigation was performed, Defendant should affirmatively state as much. In response, Defendant stated that "CSX's Human Resources Department, *through the EEO Office*, conducted an investigation into plaintiff's allegations of discrimination [which] included three detailed reports issued *by the EEO office* in response to plaintiff's three allegations; one referencing Mr. Howze, one Mr. Gilbert, and one the vandalism to plaintiff's vehicle" and that the entirety of that investigation, including "interview notes, emails, photographs, statements, and reports" was produced. Def.'s Resp. to Pl.'s Mem. in Supp. at 6-7 (emphasis added). The Court is satisfied that this response indicates that Defendant has produced all the responsive non-privileged materials in its possession that relate to the investigation that is the subject of Plaintiff's motion to compel. Therefore, Plaintiff's motion to compel as to Request for Production No. 1 is denied.

15

Regarding Request for Production No. 2, it appears to the Court that the personnel files of Howze and Gilbert have already been produced by Defendant.[8] Therefore, Request for Production No. 2 is likely moot. However, in the event that it is not, the Court will briefly address the issue. "Personal privacy and the confidentiality of personnel files are important public policy concerns [but] when a public policy interest weighs against disclosure, disclosure may nevertheless be required where: (1) material is clearly relevant; and (2) the need for disclosure is compelling because the information sought is not otherwise readily available." *James v. Peter Pan Transit Mgmt, Inc.*, 1999 WL 735173, at *11 (E.D.N.C. Jan. 20, 1999) (citations omitted). However, our sister district to the west has held that, when the personnel files in question belong to "employees whose action or inaction has a direct bearing" on the plaintiff's claims, disclosure of personnel files may be required. *Cason v. Builders FirstSource-Southeast Group, Inc.*, 159 F. Supp. 2d 242, 247-48 (W.D.N.C. 2001) (noting the strong public policy against disclosure of personnel files, but finding that the personnel files of the two accused harassers in the matter were subject to discovery). Accordingly, the Court finds that, in the instant case, the personnel files of Howze and Gilbert are clearly relevant and the need for their disclosure is compelling. Therefore, to the extent that the matter has not already been resolved, Plaintiff's motion to compel as to Request for Production No. 2 is granted, subject to appropriate confidentiality designations under the consent protective order. Defendant is directed to produce the personnel files of Howze and Gilbert within fourteen (14) days of this order.

---

[8] Defendant filed a consent Motion for Protective Order [DE-75] on May 3, 2011, which was granted by Order [DE-78] of Judge Boyle on May 9, 2011. In that protective order, filed months after the instant motion to compel, the personnel files of Howze and Gilbert are explicitly mentioned as having been designated confidential. Mot. for Prot. Order Ex. A at 3 [DE-75-1].

Regarding Request for Production No. 3, the Court notes that the specifics as to why Defendant is unable to produce the video footage without Plaintiff purchasing the proprietary software are somewhat unclear. However, Defendant has indicated that Plaintiff's counsel has been shown the video footage, that it is willing to arrange additional viewings, and that it has no objection to producing a copy of the video should Plaintiff acquire the necessary software. Nonetheless, the Court finds that Plaintiff may well have need of the video footage, and Defendant may not require purchase of proprietary software as a condition precedent to its production. Therefore, Plaintiff's motion to compel as to Request for Production No. 3 is granted. Defendant is directed to either produce the video footage in question or arrange additional viewings upon reasonable notice, whichever Plaintiff prefers. In the event that Plaintiff chooses production of the video footage and Defendant contends that production would violate any licensing agreement Defendant may have with the maker of LocoCAM Viewer, Defendant is directed to notify the Court so that the Court may fashion an appropriate remedy.

Accordingly, in sum, Plaintiff's motion to compel is **DENIED** as to Plaintiff's Second Set of Requests for Production No. 1 and **GRANTED** as to Plaintiff's Second Set of Requests for Production Nos. 2 and 3. Regarding Request for Production No. 2, Defendant is **DIRECTED** to produce the personnel files of Howze and Gilbert within fourteen (14) days of this order. Regarding Request for Production No. 3, Defendant is **DIRECTED** to either produce the video footage or arrange additional viewings upon reasonable notice, whichever Plaintiff prefers. In the event that Plaintiff chooses production of the video footage and Defendant contends that production would violate any licensing agreement Defendant may have with the maker of LocoCAM Viewer, Defendant is directed to notify the Court and the Court will fashion an appropriate remedy at that time.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel [DE-55] is **DENIED** as to (1) Plaintiff's First Set of Interrogatories Nos. 9, 12, and 18; (2) Plaintiff's First Set of Requests for Production Nos. 1, 12, 17, 18, and 21; (3) Plaintiff's Second Set of Interrogatories Nos. 1, 2, 3, and 4; and (4) Plaintiff's Second Set of Requests for Production No. 1. Plaintiff's Motion to Compel is **GRANTED** as to Plaintiff's Second Set of Requests for Production Nos. 2 and 3.

Regarding Plaintiff's Second Set of Requests for Production No. 2, Defendant is **DIRECTED**, to the extent it has not already done so, to produce the personnel files of Howze and Gilbert within fourteen (14) days from the date of this order, subject to appropriate confidentiality designations under the consent Protective Order [DE-75].

Regarding Plaintiff's Second Set of Requests for Production No. 3, Defendant is **DIRECTED** to either produce the video footage in question or arrange additional viewings upon reasonable notice, whichever Plaintiff prefers. In the event that Plaintiff chooses production of the video footage and Defendant contends that production would violate any licensing agreement Defendant may have with the maker of LocoCAM Viewer, Defendant is directed to notify the Court and the Court will fashion an appropriate remedy at that time.

Finally, Defendant is **DIRECTED** to provide Plaintiff with the last known addresses for Howze and Gilbert, in response to Plaintiff's Second Set of Interrogatories No. 4, within fourteen (14) days from the date of this order.

This the 20th day of September, 2011.

DAVID W. DANIEL
United States Magistrate Judge