IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CV-493-BO

| | |
|---|---|
| VICKY T. BENNETT,<br>Plaintiff,<br>v.<br><br>CSX TRANSPORTATION, INC.,<br>Defendant. | )<br>)<br>)   **ORDER**<br>)<br>)<br>) |

This cause comes before the Court on defendant's motion for bill of costs and plaintiff's motion for disallowance of costs. On October 22, 2014, the Court ordered additional briefing on plaintiff's ability to pay costs. Plaintiff and defendant have complied with the Court's order and the matter of the taxation of costs is ripe for ruling.

## BACKGROUND

After a jury trial held in Elizabeth City, North Carolina, plaintiff Vicky Bennett prevailed on her hostile work environment claim under Title VII of the Civil Rights Act of 1964. By its verdict of June 22, 2012, the jury awarded plaintiff $150,000 in compensatory damages. The Court subsequently entered judgment for plaintiff awarding back and front pay. On January 21, 2014, the court of appeals filed an unpublished opinion reversing this Court's judgment and remanding for entry of judgment in favor of defendant. Defendant, the prevailing party, now seeks taxation of costs against plaintiff.

## DISCUSSION

The costs of a civil action are presumptively taxed against the non-prevailing party. Fed. R. Civ. P. 54(d); *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). A court may decline to tax costs where an element of injustice exists in a presumptive award, and may

1

consider factors such as misconduct on the part of the prevailing party, the excessiveness of costs requested, the closeness or difficulty of the issues presented, and the non-prevailing party's inability to pay when determining whether a presumptive cost award would be unjust. *Id.* "[T]he losing party's good faith in pursuing an action is a 'virtual prerequisite' to receiving relief from the normal operation of Rule 54(d)(1), [but] that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party." *Id.* (citation omitted).

Defendant seeks a total of $55,852.27 in costs, including $9,923.82 for transcripts, $1,126.32 for witnesses fees, $22,429.73 in copy costs, $20,000 for bond premiums, and $2,372.40 in appeal costs included in the mandate of the court of appeals. Plaintiff asks that the Court not tax defendant's costs against her as the issues presented were close and difficult to decide and because plaintiff is unable to pay. Plaintiff further contends that some of the costs are excessive. The parties do not dispute that plaintiff brought this action in good faith, and thus the Court may consider whether she should be relieved from the normal operation of Rule 54(d)(1).

The Court in its discretion finds that the issues decided in this case were sufficiently difficult or close to support refusing to assess costs against plaintiff. While a Title VII or FELA claim itself is not particularly novel or complex, the factual issues presented in this matter were difficult and indeed "hotly contested at trial and [on] appeal." *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011)(claim for negligent misrepresentation decided at bench trial sufficiently difficult to support non-taxation of costs); *see also Musick v. Dorel Juvenile Grp., Inc.*, No. 1:11CV00005, 2012 WL 473994, at *2 (W.D. Va. Feb. 13, 2012) (factual complexity of the issues supported non-taxation of costs).

Plaintiff's financial situation further supports that an award of costs against her would be unjust. *Cherry*, 186 F.3d at 447. The Court has first considered testimony and evidence

2

admitted at trial regarding plaintiff's mental and emotional status and her ability to work. *See Ellis*, 434 Fed. App'x at 236 (proper for district court to rely on evidence of party's financial condition admitted at trial when assessing ability to pay costs). The Court has further considered plaintiff's affidavit submitted in support of her motion to disallow costs. [DE 254-1]; *see In re Paoli R.R.*, 221 F.3d at 462 ("courts typically will accept the allegations concerning the applicant's financial circumstances when their indigency is in question at face value") (internal alterations and citation omitted). Although it is clear from her affidavit that plaintiff's emotional state does not preclude all work and that plaintiff is currently able to generate income, she also carries substantial credit card, mortgage, and medical bill debt. The Court finds plaintiff's means to be sufficiently modest that she would be unable to pay more than $50,000 in costs.

The relevant factors, including plaintiff's good faith in filing suit, the closeness and difficulty of the issues decided, plaintiff's inability to pay a substantial cost award, and the equities in this matter weigh in favor of not taxing the costs of this action against plaintiff. Accordingly, the Court in its discretion finds that a presumptive cost award would be unjust.

## CONCLUSION

For the foregoing reasons, defendant's motion for bill of costs [DE 247] and plaintiff's motion for bill of costs disallowance [DE 250] are GRANTED IN PART AND DENIED IN PART. Pursuant to the mandate of the court of appeals, plaintiff is taxed $2,372.40 in costs. The Court in its discretion declines to tax the remaining costs requested by defendant against plaintiff.

SO ORDERED, this __16__ day of January, 2015.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3